Mr. Law, contra. The trover is of a "chest containing sundry tools," and "a trunk containing sundry clothes." The conversion is of the said chest, and the said trunk; that is, the chest containing the tools, and the trunk containing the clothes.

Mr. Caldwell, for the defendant. If it is a charge for converting the tools and clothes, it is too vague and uncertain.

THE COURT (THRUSTON, Circuit Judge, doubting) was of opinion that the defendant was charged only with converting the trunk and the chest, and not the tools and clothes, and of course evidence of the value of the tools and clothes was immaterial.

## Case No. 814.

### BALL v. PATTERSON.

[1 Cranch, C. C. 607.][1]

Circuit Court, District of Columbia. Dec. Term, 1809.

#### TROVER—PLEADING.

A declaration in trover for "a tool-chest containing divers tools, and working utensils," and a "trunk containing clothes," is sufficiently certain.

[See Ball v. Patterson, Case No. 813.]

At law. The declaration having been amended, and a verdict rendered for the plaintiff, the defendant moved in arrest of judgment for uncertainty of the declaration, which was for "a tool-chest containing divers tools and working utensils," and "a trunk containing clothes."

Mr. Caldwell, for the defendant. A chest of tools would have been good; but a chest containing divers tools and working utensils, is not. It is too vague. Bottomley v. Harrison, 2 Strange, 809.

THE COURT was of opinion that the declaration was good as to the trunk and chest, and tools and clothes. Judgment for the plaintiff.

---

BALL, (ROOT v.) See Case No. 12,035.

BALL v. The SAM KIRKMAN. See Case No. 8,658.

BALL, (VIOLETTE v.) See Case No. 16,-954.

---

## Case No. 815.

### BALL v. WITHINGTON et al.
### SAME v. BAILIE.

[1 Ban. & A. 549;[2] 6 O. G. 933; Merw. Pat. Inv. 452.]

Circuit Court, S. D. Ohio. Oct., 1874.

PATENTS FOR INVENTIONS — REISSUE—BROADENED CLAIM.

1. The claim of complainant's reissued patent was, "One or more swinging bread-holders,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reporter by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission. Merw. Pat. Inv. 452, contains partial report only.]

suspended from the arms or end plates of a rotating reel, in combination with a furnace, so arranged and connected, that the products of combustion will pass into or through the chamber within which the bread-holders move." The specification shows, that the oven of the patentee is constructed with a solid bottom which completely shuts off the fire from the furnace, and flues by the side of the bread chamber so far removed, and so far cut off from the fire, that nothing but heated currents of air can pass into the chamber: *Held*, that the claim must be construed to be for the application of the rays of heat directly from the fire to the baking chamber, and that, as the original patent contained nothing calculated even to hint how this could be done, but the drawings and model suggest a mode of operation wholly different—viz., the baking of bread by the heat derived from the radiation of heated walls and heated currents of air, the reissued patent was broader than the original.

2. The reissued patent, granted to Hosea Ball, June 14, 1870, and extended for seven years from September 23, 1870, for improvement in ovens, *held* void for claiming what was not embraced in the original patent.

[In equity. Bills by Hosea Ball against John K. Withington and others and against John Baillie for infringement of letters patent. Dismissed.]

S. S. Fisher and John E. Hatch, for complainant.

Edward Boyd, for defendants.

Before EMMONS, Circuit Judge, and SWING, District Judge.

EMMONS, Circuit Judge. The bills charge infringement of letters patent, granted to complainant, September 23, 1856, for an "improvement in ovens," reissued October 12, 1869, and a second time reissued June 14, 1870, and extended for seven years from September 23, 1870.

By agreement of counsel, both cases were argued together, and the decision to be delivered, governs both.

The reissued patent, upon which the bills are founded, contains three claims; but the first, which is as follows, is the only one in controversy: "1. One or more swinging bread-holders, suspended from the arms or end plates of a rotating reel, in combination with a furnace, so arranged and connected, that the products of combustion will pass into or through the chamber within which the bread-holders move."

We prefer to rest the judgment solely upon the ground, that the original patent did not warrant that part of the claim, in the reissue, which includes the direct application of heat to the bread chamber. We say, the direct application of heat, because, we thus construe the words "products of combustion." The only significance which we can give to that part of the claim is, that the rays of heat from the fire must be radiated directly into the baking chamber. The reissued patent, as we construe it, claims a device which will accomplish this result. The infringement is said to depend upon the fact, that the defendants' apparatus applies the "products of com-